# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS
# KANSAS CITY DISTRICT

| | |
|---|---|
| FRONTIER AG, INC. ) | Case No._____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| NUSEED AMERICAS INC. ) | |
| ) | |
| Defendant. ) | |

COMES NOW Frontier Ag, Inc. ("Frontier") by and through the below signed counsel, and for its cause of action against Nuseed Americas Inc. ("Nuseed"), states and alleges as follows:

## PARTIES

1. Frontier is a Kansas corporation with its registered officer located at 412 West Second, Oakley, Kansas 67748.

2. Upon information and belief, Nuseed now is and at all times mentioned herein was a corporation engaged in the business of global agricultural hybrid enhanced yield rate seed manufacturing, organized and existing under and by virtue of the laws of the State of Delaware with its registered office address as CT Corporation System Inc., 100 S. 5th Str #1075, Minneapolis, MN 55402, and is licensed to do business within the State of Kansas.

## JURISDICTION & VENUE

3. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Frontier and Nuseed, and the damages being sought in this action, exclusive of penalties and interest, exceed $75,000.

4. This Court may exercise personal jurisdiction over Nuseed in this case because the causes of actions stated herein arise out of or relate to Nuseed's contacts with Kansas.

5. Venue is proper within this jurisdiction pursuant to 28 U.S. Code § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in Logan County, Kansas.

6. Pursuant to Local Rule 40.2, Frontier designates Kansas City, Kansas, as the city where Nuseed requests trial to be held.

## FACTS RELEVANT TO ALL COUNTS

7. Frontier is now and at all times mentioned herein was a seed retail business operating in the state of Kansas.

8. At the time of the incident that is the subject of this Complaint, Frontier operated a seed retail corporation with principal address of 415 West 2nd, Oakley, KS 67748.

9. Frontier purchased from Legend Seeds, Inc., a South Dakota corporation, certain pre-packaged, pre-labeled confection sunflower seeds manufactured by Nuseed for distribution to its customers (hereinafter "Seeds").

10. On or about July 6, 2016, after distributing the Seeds to its customers, Ben Weiland of Oakley, Kansas and Dustin Weyerman of Idalia, Colorado (hereinafter "Customers") who thereafter planted the seeds, Frontier received complaints from the Customers that, after planting the Seed, they had erratic and poor emergence and poor yield. Due to the erratic and poor emergence and poor yield of the Seeds for that planting season, the Customers suffered additional expense and damage to other property as relates to purchasing additional fertilizer for their cropland, and use of additional water, which disrupted their rotation/allocation. In addition,

the Customers suffered and will continue to suffer weed intrusion on their cropland for future planting years.

11. The resulting complaints and damage necessitated payments to the Customers in excess of $75,000.00.

## COUNT I – NEGLIGENCE

12. Frontier incorporates all of the above Paragraphs as if full restated herein.

13. At all times herein, Nuseed had a duty to exercise reasonable care in the design, manufacturing, testing, packaging, distributing and inspection of the Seeds.

14. Nuseed violated its duty of reasonable care in one or more of the following ways:

   a. Designing, manufacturing, selling, distributing, testing, inspecting, and/or packaging the Seeds in a negligent manner that rendered the seeds defective and unreasonably dangerous when would to a reasonably anticipated use.

   b. Otherwise failing to use due care.

15. As a result of said negligence, Frontier was damaged in an amount in excess of $75,000.

## COUNT II - FAILURE TO WARN

16. Frontier incorporates all of the above Paragraphs as if full restated herein.

17. A risk of poor germination/yield existed in using the Seeds. Nuseed failed to provide Frontier with reasonable and/or adequate warnings of defects associated with the use of the Seeds.

18. As a result, the Seeds were rendered defective when they left Nuseed's control and reached Frontier without substantial unforeseeable change.

19. The failure to warn and defective condition caused damages to Frontier in an amount that exceeds $75,000.

## COUNT III - STRICT LIABILITY

20. Frontier incorporates all of the above Paragraphs as if full restated herein.

21. At the time of sale of the Seeds to Frontier, the Seeds were in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, including the use of the Seeds by Frontier.

22. Said defect existed at the time the Seeds left control of Nuseed and were expected to and did reach Frontier without substantial unforeseeable change in said condition.

23. As a result of the defective condition of the Seeds, Plaintiffs suffered damages in excess of $75,000.

## COUNT IV - BREACH OF WARRANTIES

24. Frontier incorporates all of the above Paragraphs as if full restated herein.

25. Nuseed expressly or impliedly warranted the fitness and merchantability of the Seeds described herein.

26. Nuseed breached the aforementioned express or implied warranties of fitness and merchantability and said breach of warranties were a direct and proximate cause of the resulting damages to Frontier described hereinabove.

27. As a result of this breach of warranties, Frontier suffered damages in excess of $75,000.

## COUNT V - NEGLIGENT MISREPRESENTATION

28. Frontier incorporates all of the above Paragraphs as if full restated herein.

29. Nuseed made a representation of fact that the Seeds would germinate at a rate greater than the test result of a 56% germination rate.

28. Nuseed knew or should have known that such factual representation was false.

29. Frontier relied on such misrepresentation and purchased for resale Nuseed's seed from Legend on the basis of guaranteed germination rate.

30. Frontier has suffered damages and pecuniary harm as result as alleged hereinabove in an amount that exceeds $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Frontier prays for judgment against Nuseed in an amount in excess of $75,000.00, together with pre- and post-judgment interest thereon, costs and disbursements herein, and for such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Frontier demand trial by jury on all issues so triable.

Respectfully submitted,

/s/Court T. Kennedy          .
Court Kennedy (KS. No. 22067)
Gates Shield Ferguson Swall Hammond, P.A.
Court T. Kennedy
10990 Quivira; Suite 200
Overland Park, KS 66210


/s/Steven L. Theesfeld          .
Steven L. Theesfeld (MN #216860
(Applying for Pro Hac Vice)
Yost & Baill, LLP
220 S. 6th Street, Suite 2050
Minneapolis, MN 55402

5